IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTORIA FALANCE,

       Plaintiff,

v.                                  1:26-cv-00185-JCH-JMR

FCA US LLC,

       Defendant.

**ORDER GRANTING MOTION FOR**
**<u>EXTENSION OF TIME TO FILE RESPONSE</u>**

THIS MATTER comes before the Court on Defendant FCA US LLC's Opposed Motion for Extension of Time to File Response to Plaintiff's Motion to Compel Answers to Interrogatories, Responses to Requests for Production, Compel Depositions of Four FCA US LLC Employees and for Discovery Sanctions. Doc. 27. Plaintiff filed a response. Doc. 28. Defendant has not yet had an opportunity to file a reply. Having reviewed the motion and the relevant law, the Court hereby GRANTS Defendant's motion. Defendant's response is due **June 30, 2026**.

In the motion, Defendant requests that the Court extend the deadline for Defendant to respond to Plaintiff's pending motion to compel (Doc. 26) by five days. Doc. 27 at 1. Defendant explains that it "needs additional time to review the record, confer with counsel, incorporate materials, and address competing deadlines." *Id.*

Plaintiff provides a detailed response in opposition. Doc. 28. Plaintiff argues that the "Motion, and Plaintiff's opposition, . . . must be evaluated in the context of Defendant's documented history of delay, repeated broken commitments, and continuing failure to participate in discovery in the good-faith manner required by the Federal Rules." *Id.* at 2. Plaintiff then

outlines Defendant's alleged failure to participate in this litigation in good faith. *Id.* at 2–6. Plaintiff takes care to point out that her issue is with Defendant itself, not its counsel. *Id.* at 4.

Federal Rule of Civil Procedure 6(b)(1) authorizes the Court to extend a deadline "for good cause." FED. R. CIV. P. 6(b)(1). "This rule should be liberally construed to advance the goal of trying each case on the merits." *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016). "[D]istrict courts should normally grant extension requests, made before the deadline, in the absence of bad faith by the requesting party or prejudice to another party." *Id.* (citation omitted).

The Court finds "good cause" to extend Defendant's deadline to file a response to Plaintiff's motion. *See* FED. R. CIV. P. 6(b)(1). The Court strongly prefers that Defendant submit a thorough, reasoned response to Plaintiff's motion to compel so that the matter can be decided "on the merits." *See Rachel*, 820 F.3d at 394. Defendant's representation that it "needs additional time to review the record, confer with counsel, incorporate materials, and address competing deadlines," is sufficient good cause to extend the response deadline by a mere five days. *See* Doc. 27 at 1.

The Court understands Plaintiff's complaints about Defendant's alleged pattern of misconduct. However, this motion only poses the question of whether Defendant has shown good cause for an extension of time. Based on the limited information presented in the briefing, the Court is not prepared to say that Defendant behaved in "bad faith." *See Rachel*, 820 F.3d at 394. The Court also does not believe that Plaintiff will be meaningfully prejudiced by this five-day extension of time. *Id.* The Court will more fully address Plaintiff's complaints about Defendant's litigation practices when it decides Plaintiff's motion to compel (Doc. 26).

The Court hereby GRANTS Defendant FCA US LLC's Opposed Motion for Extension of Time to File Response to Plaintiff's Motion to Compel Answers to Interrogatories, Responses

to Requests for Production, Compel Depositions of Four FCA US LLC Employees and for

Discovery Sanctions (Doc. 27).

 

 

JENNIFER M. ROZZONI
United States Magistrate Judge