IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTORIA FALANCE,

Plaintiff(s),

v. 1:26-cv-00185-JCH-JMR

FCA US LLC,

Defendant(s).

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**

THIS MATTER is before the Court on Plaintiff's Motion to Compel Answers to Interrogatories, Responses to Requests for Production, Compel Depositions of Four FCA US LLC Employees, and for Discovery Sanctions (Doc. 26) and the Court's *sua sponte* Order to Show Cause (Doc. 31). The motion is hereby GRANTED, and the order to show case is hereby QUASHED.

The Court orders Defendant to fully respond to Plaintiff's First Set of Interrogatories and Requests for Production. Defendant's supplemental responses are due **November 13, 2026**.

The Court orders Defendant to make Jaqueline Taylor, Nishil Saraiya, Devarsh Ambani, Akhila Mandadapu available to be deposed. Defendant must provide Plaintiff with proposed dates for these depositions by **November 13, 2026**.

The Court orders Defendant to pay Plaintiff's "reasonable expenses incurred in making" this motion. *See* FED. R. CIV. P. 37(a)(5)(A). Plaintiff's petition for attorney's fees is due **November 13, 2026**. Defendant's objections to the reasonableness of the fees, if any, are due **December 4, 2026**.

## I. Background

On April 8, 2026, Plaintiff served her First Set of Interrogatories and Requests for

Production on the Defendant. Doc. 26 at 8. Defendant responded to Plaintiff's first discovery set on May 8, 2026. *Id.* at 9. However, the responses were plainly insufficient.

Regarding Plaintiff's Interrogatories, Defendant made the following non-specific objection to all twenty-four interrogatories:

> [Defendant] objects to this interrogatory because it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence or proportional to the needs of this case.

Defendant raised this objection even to the prototypically relevant interrogatories. *See, e.g.*, *id.* at 31–32 (Interrogatory No. 1 requesting the names of "each person answering this set of discovery requests"). Regarding Plaintiff's Requests for Production, Defendant stated that it "will produce" responsive documents. But it did not produce any documents in response to the discovery requests. Defendant also re-iterated the same non-specific relevance objection to many of Plaintiff's Requests for Production.

Plaintiff attempted to contact Defendant regarding its deficient discovery responses. Doc. 26 at 54–65 (Exh. 4). Defendant agreed to supplement its discovery responses. *Id.* at 69. But it did not fulfil its promise.

Additionally, on April 14, 2026, Plaintiff emailed defense counsel requesting dates for the depositions of four of Defendant's corporate witnesses—Jaqueline Taylor, Nishil Saraiya, Devarsh Ambani, Akhila Mandadapu. Doc. 26 at 8. Defense counsel did not respond to the email. On April 22, 2026, Plaintiff's counsel sent a follow-up email. *Id.* Defense counsel did respond to that email but did not provide the requested dates. On May 1, 2026, Plaintiff's sent another follow-up email. *Id.* Then, on May 11, 2026, Plaintiff sent a formal good faith letter. *Id.* Defendant still did not provide dates for the requested depositions.

After meeting and conferring with Defense counsel, Plaintiff filed this motion to compel

on June 11, 2026. Defendant requested that the Court extend the deadline for it to respond to the motion to June 30, 2026. Doc. 27. The Court granted the request, over Plaintiff's objection. Doc. 29. Nevertheless, Defendant failed to respond to the motion.

On July 30, 2026—a month after Defendant's response was due—the Court issued an Order to Show Cause ordering Defendant "to show cause as to why Plaintiff's motion should not be granted in full." Doc. 31. Defendant filed a response to the Court's Order to Show Cause. Doc. 32. Plaintiff filed a reply. Doc. 34.

Defendant's response to the Order to Show Cause did not explain why Plaintiff's motion should not be granted. Instead, Defendant requested that the Court extend the deadline for it to respond to the merits of the motion.

Defendant alleged that its failure to respond to the motion "was the product of inadvertent delay in the communication of responsive information" between defense counsel and their client. Doc. 32 at 2. Notably, defense counsel states that their "failure to file a timely response was not the product of any act or omission by local counsel." *Id.* at 6. Defense counsel blamed the failure to respond on their client and their client's national counsel. However, local counsel are the only attorneys who have appeared in this action. Therefore, the duty to respond to briefing lies entirely with local counsel. If defense counsel did not have the responsive information to respond to Plaintiff's motion, counsel should have requested a second extension of time.

## II. Discussion

Plaintiff requests that the Court order Defendant to 1) "provide complete and verified answers to Plaintiff's First Set of Interrogatories," 2) "produce all responsive documents withheld or not produced in response to Plaintiff's First Requests for Production," 3) "provide dates and produce four previously identified FCA witnesses for deposition," 4) pay Plaintiff's "reasonable

attorney fees and expenses incurred in bringing this Motion," and 5) "pay all reasonable costs associated with the four depositions delayed by its discovery misconduct." Doc. 26 at 1. The Court grants Plaintiff's requests.

"Federal district courts have broad discretion over discovery." *XTO Energy, Inc. v. ATD, LLC*, No. CIV 14–1021 JB/SCY, 2016 WL 1730171, at *21 (D.N.M. Apr. 1, 2016) (citing *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995)). The power to compel discovery responses is derived from Federal Rule of Civil Procedure 37(a). FED. R. CIV. P. 37(a)(3)(B) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection."). The Court may compel a party to respond to discovery when "a party fails to answer an interrogatory submitted under Rule 33" or when "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(iii)-(iv).

For interrogatories, the failure to object in a timely manner constitutes waiver of objections. FED. R. CIV. P. 33(b)(4). "While Rule 34 [Requests for Production] does not contain an explicit provision stating that failure to serve timely objections to requests for production results in a waiver of those objections, courts have held that such a waiver is implied." *Brunson v. McCorkle*, No. 11CV1018 JCH/LAM, 2013 WL 12333491, at *1 (D.N.M. Jan. 4, 2013) (string citation omitted). "The Federal Rules of Civil Procedure make clear that the grounds for objecting to written discovery must be stated with specificity as to interrogatories, and that objections to document requests must be 'state[d] with specificity . . . including the reasons.'" *Banks v. Jackson*, No. 20-CV-02074-KMT, 2021 WL 3857614, at *2 (D. Colo. Aug. 27, 2021) (citing FED. R. CIV. P. 33(b)(3)-(4), 34(b)(2)(B)). "Boilerplate, generalized objections are

inadequate and tantamount to not making any objection at all." *Heuskin v. D&E Transp., LLC*, No. CV 19-957 MV/GBW, 2020 WL 1450575, at *2 (D.N.M. Mar. 25, 2020) (citation omitted).

When a motion to compel discovery is granted, or discovery is provided after the motion is filed, the Court "must" order the party or attorney whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. FED. R. CIV. P. 37(a)(5)(A). However, the Court may not award fees when:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A)(i)-(iii). The Court notes that an attorney's fees award under Rule 37(a)(5)(A) is distinct from a monetary sanction under Rule 37(b)(2)(C). "Discovery misconduct often may be seen as tactically advantageous at first. But just as our good and bad deeds eventually tend to catch up with us, so do discovery machinations. Or at least that's what Rule 37 seeks to ensure." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011).

The Court compels Defendant to more fully respond to Plaintiff's Interrogatories. FED. R. CIV. P. 37(a)(3)(B)(iii). Defendant failed to respond to Plaintiff's motion entirely. "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Despite the lack of briefing, the Court has reviewed each of Defendant's objections to Plaintiff's discovery requests. The Court finds that Defendant's objections were not sufficiently specific. *See Banks*, 2021 WL 3857614, at *2. As such, Defendant has waived any objections to Plaintiff's Interrogatories. *See Heuskin*, 2020 WL 1450575, at *2.

The Court compels Defendant to more fully respond to Plaintiff's Requests for

Production. FED. R. CIV. P. 37(a)(3)(B)(iv). Again, Defendant failed to respond to Plaintiff's motion. As such, Defendant has consented to the Plaintiff's requested relief. D.N.M.LR-Civ. 7.1(b). Once again, the Court finds that Defendant's objections were not sufficiently specific. *See Banks*, 2021 WL 3857614, at *2. Therefore, Defendant has waived any objections to Plaintiff's Requests for Production. *See Heuskin*, 2020 WL 1450575, at *2.

The Court orders Defendant to produce Jaqueline Taylor, Nishil Saraiya, Devarsh Ambani, and Akhila Mandadapu for their depositions. *See XTO Energy, Inc.*, 2016 WL 1730171, at *21. Again, Defendant has consented to Plaintiff's requested relief. *See* D.N.M.LR-Civ. 7.1(b). Defendant must propose dates for these depositions by November 13, 2026. If Plaintiff withdraws the request to depose these witnesses, Defendant need not produce the witnesses or propose dates for their depositions.

Because the Court is granting the motion, the Court "must" award attorney's fees. *See* FED. R. CIV. P. 37(a)(5)(A). Defendant argues that a fee award under these circumstances would be "unjust." *See* FED. R. CIV. P. 37(a)(5)(A)(iii). The Court disagrees. Defendant argues that "[t]he conduct at issue is the omission of a single brief, not a pattern of obstruction." Doc. 32 at 5. While the Court does not believe that Defendant is engaging in intentional obstruction, the conduct at issue is larger than the "omission of a single brief." Defendant failed to respond entirely to Plaintiff's motion, failed to adequately show cause as to why the motion should not be granted, failed to keep its commitments to Plaintiff's counsel, and Defendant's initial discovery responses were plainly insufficient. Defendant's failure to fully participate in this litigation have cost Plaintiff meaningful time and expense. As such, the Court orders Defendant to pay Plaintiff's "reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A).

To the extent that Plaintiff requests sanctions, the Court declines to sanction the Defendant. There is no evidence that Defendant or its counsel behaved in bad faith. Plaintiff requests that the Court order Defendant "to pay all reasonable costs associated with the four depositions delayed by its discovery misconduct." Doc. 26 (citing FED. R. CIV. P. 16(f)(2) and FED. R. CIV. P. 37(a)(5)). Rule 37(a)(5) authorizes payment of "the movant's reasonable expenses incurred in making the motion," which the Court awarded above. FED. R. CIV. P. 37(a)(5)(A). If Plaintiff is seeking expenses beyond that, the Court declines to sanction Plaintiff under Rule 16(f)(2). *See* FED. R. CIV. P. 16(f)(2) (authorizing the Court to sanction a party for failure to comply with Rule 16). Because the Court declines to sanction Defendant, the Court also quashes its Order to Show Cause. *See* Doc. 31.

## III. Conclusion

Plaintiff's Motion to Compel Answers to Interrogatories, Responses to Requests for Production, Compel Depositions of Four FCA US LLC Employees, and for Discovery Sanctions (Doc. 26) is GRANTED due to Defendant's failure to respond to the motion. The Court's Order to Show Cause (Doc. 31) is QUASHED.

The Court compels Defendant to fully respond to Plaintiff's First Set of Interrogatories and Requests for Production. Defendant's supplemental responses are due **November 13, 2026**. The parties may agree to extend this deadline without a court order.

The Court compels Defendant to produce Jaqueline Taylor, Nishil Saraiya, Devarsh Ambani, Akhila Mandadapu for their depositions. Defendant must provide Plaintiff with proposed dates for these depositions by **November 13, 2026**. If Plaintiff withdraws the request to depose any of these witnesses, Defendant is excused from producing said witness.

The Court orders Defendant to pay Plaintiff's "reasonable expenses incurred in making"

this motion FED. R. CIV. P. 37(a)(5)(A). Plaintiff's petition for attorney's fees is also due **November 13, 2026**. Defendant's objections to the reasonableness of the fees, if any, are due **December 4, 2026**.

JENNIFER M. ROZZONI
United States Magistrate Judge